UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI RIVERA, Individually and For Others Similarly Situated, | Case No. _____ |
| v. | JURY TRIAL DEMANDED |
| HEALTHTRUST WORKFORCE SOLUTIONS, LLC, | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Nikki Rivera brings this lawsuit to recover unpaid overtime wages and other damages from HealthTrust Workforce Solutions, LLC (HealthTrust) under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), *et. seq.*

2. Rivera worked for HealthTrust as a physician recruiter.

3. Rivera and other similarly situated physician recruiters were paid a salary with no overtime compensation when working more than 40 hours a week.

4. HealthTrust's pay practice violate the FLSA because it paid non-exempt employees a salary with no overtime.

5. Rivera brings this lawsuit to recover the unpaid overtime and other damages HealthTrust owes to her and to the other recruiters like her.

### JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because HealthTrust's headquarters and principal office is in this District and Division.

8. HealthTrust maintains a corporate headquarters in Nashville, Tennessee.

## PARTIES

9. Rivera was employed by HealthTrust as a physician recruiter from September 2017 until October 2018.

10. She regularly worked in excess of 40 hours a week without receiving overtime pay.

11. Her written consent is attached as Exhibit A.

12. Rivera brings this action on behalf of herself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Rivera and is properly defined as:

> **All salaried recruiters employed by HealthTrust during the past 3 years.** (the "Putative Class Members").

13. The members of the FLSA Class are easily ascertainable from HealthTrust's business and personnel records.

14. HealthTrust covered by the FLSA and has been during the applicable statute of limitations. HealthTrust is therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. HealthTrust is a Tennessee Limited Liability Company with its principal corporate office in Nashville, Tennessee. HealthTrust does business throughout the United States. HealthTrust may be served through its registered agent: CT Corporation System, 300 Montvue Rd. Knoxville, Tennessee 37919.

## COVERAGE UNDER THE FLSA

16. At all relevant times, HealthTrust was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

17. At all relevant times, HealthTrust was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

18. At all relevant times, HealthTrust was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, equipment, walkie-talkies, and computers - that have been moved in or produced for commerce.

19. At all relevant times, HealthTrust has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00.

20. At all times hereinafter mentioned, Rivera and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

21. HealthTrust provides nationwide medical staffing solutions.

22. To complete their business objectives, HealthTrust employs recruiters to find and place nurses, nurse practitioners, and physicians throughout the country.

23. Rivera was a physician recruiter.

24. As a recruiter, Rivera's primary job duties included calling hospitals, speaking with physicians and giving them the opportunity to work additional shifts on their off time at hospitals that were short staffed.

25. Rivera would screen applicants and refer them to hiring hospitals' representatives who would ultimately decide whether to hire the physician.

26. The screening and recruiting process was routine and largely governed by standardized plans and checklists created by HealthTrust.

27. All of HealthTrust's recruiters perform substantially similar screening processes using forms and checklists developed by HealthTrust.

28. Every element of a recruiter's job was predetermined by HealthTrust, including the schedule of their work and related work duties.

29. No advanced degree is required to become a recruiter for HealthTrust.

30. To the extent these recruiters make "decisions," the decisions do not require the exercise of independent discretion and judgment.

31. Instead, HealthTrust's recruiters apply well-established procedures.

32. When recruiters perform their work, they do so use established guidelines and predetermined parameters.

33. Recruiters are not permitted to deviate from established guidelines.

34. Recruiters attended mandatory meetings and workshops which outlined their duties.

35. With these job duties, recruiters are clearly **non-exempt** under the FLSA.

36. In fact, before merging with Parallon Workforce Management Solutions, Rivera was paid overtime by HealthTrust.

37. All of HealthTrust's recruiters work long hours in excess of 40 hours a week.

38. Recruiters were required to regularly work 10 or more hours in a day and five days a week.

39. HealthTrust does not pay its recruiters overtime for hours worked in excess of 40 in a workweek.

40. Instead, HealthTrust pays recruiters a base salary.

41. Rivera and the Putative Class Members worked for HealthTrust as recruiters over the past three years throughout the country.

42. Rivera worked for HealthTrust in Texas.

43. As a result of HealthTrust's pay policies, Rivera and the Putative Class Members were denied the overtime pay required by federal law.

44. HealthTrust keeps accurate records of the hours its recruiters work.

45. It also keeps accurate records of the amount of pay recruiters receive.

46. Despite knowing the FLSA's requirements and that its recruiters regularly worked more than 40 hours in a workweek, HealthTrust does not pay them overtime.

## COLLECTIVE ACTION ALLEGATIONS

47. Rivera incorporates all previous paragraphs and alleges that the illegal pay practices HealthTrust imposed on Rivera were likewise imposed on the Putative Class Members.

48. In addition to Rivera, HealthTrust employed other recruiters who worked over forty hours per week with no overtime pay, were paid a salary, and were improperly classified as exempt employees. These Putative Class Members performed the same job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

49. The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Rivera and the Putative Class Members are similarly situated in all relevant respects.

50. HealthTrust imposed a uniform practice or policy on Rivera and the Putative Class Members who all performed the same or similar job duties.

51. HealthTrust's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

52. Rivera's experiences are typical of the experiences of all Putative Class Members.

53. Rivera has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Rivera has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

54. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

55. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## FLSA VIOLATIONS

56. Rivera incorporates the preceding paragraphs by reference.

57. As set forth herein, HealthTrust violated the FLSA by failing to pay Rivera and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

58. At all relevant times, HealthTrust has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

59. HealthTrust employed Rivera and each Putative Class Member.

60. HealthTrust's pay policy denied Rivera and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

61. HealthTrust owes Rivera and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

62. HealthTrust knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Rivera and the Putative Class Members is willful.

63. Due to HealthTrust's FLSA violation, Rivera and the Putative Class Members are entitled to recover from HealthTrust their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

64. The improper pay practices at issue were part of a continuing course of conduct, entitling Rivera and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

65. Rivera demands a trial by jury.

## PRAYER

WHEREFORE, Rivera prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding HealthTrust liable for violation of state and federal wage laws with respect to Rivera and all Putative Class Members covered by this case;

c. A judgment against HealthTrust awarding Rivera and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Charles P. Yezbak, III
**Charles P. Yezbak, III**
State Bar No. 018965
/s/ N. Chase Teeples
**N. Chase Teeples**
State Bar No. 032400
**Yezbak Law Offices PLLC**
2021 Richard Jones Road, Ste. 310-A
Nashville, TN 37215
yezbak@yezbaklaw.com

AND

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
William R. Liles
Texas Bar No. 24083395
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**