IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **NIKKI RIVERA, Individually and For Others Similarly Situated,** | ) ) ) | No: 3:20-cv-00806 |
| Plaintiff, | ) ) ) | Judge Richardson<br>Magistrate Judge Frensley |
| **HEALTHTRUST WORKFORCE SOLUTIONS, LLC,** | ) ) ) ) | PUTATIVE COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Parallon Enterprises, LLC d/b/a HealthTrust Locums (incorrectly named as HealthTrust Workforce Solutions, LLC and hereinafter "HealthTrust")[1] asserts its affirmative defenses and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, but without limitation, Plaintiff and the class of persons Plaintiff purports to represent were, at all relevant times, properly classified as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act (the "FLSA") under the administrative and/or other applicable exemptions and are not owed unpaid compensation or any other relief.

---

[1] Plaintiff was formerly employed not by HealthTrust Workforce Solutions, LLC but by Parallon Enterprises, LLC d/b/a HealthTrust Locums. Accordingly, Parallon Enterprises, LLC d/b/a HealthTrust Locums is the proper Defendant for her claims and files this Answer in response to Plaintiff's Complaint. To the extent an Answer from HealthTrust Workforce Solutions, LLC is necessary HealthTrust Workforce Solutions, LLC, adopts and incorporates this Answer of Parallon Enterprises, LLC d/b/a HealthTrust Locums as its own and asserts the additional affirmative defense that it was never Plaintiff's employer.

4850-6919-5985.2
4850-6919-5985

## SECOND DEFENSE

Plaintiff's purported classification claim is barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any acts or omissions giving rise to this action were done in good faith and in reliance on written administrative regulations, orders, rulings, interpretations, and approvals of the United States Department of Labor or applicable judicial opinions.

## THIRD DEFENSE

The Complaint must be dismissed as to each and every allegation and/or claim made or sought to be made that is barred by the applicable statute of limitations pursuant to 29 U.S.C. §§ 255 and 256.

## FOURTH DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff's purported claims are barred in whole or in part by Plaintiff's knowing acquiescence in or failure to mitigate her alleged damages, to the extent Plaintiff has failed to utilize internal complaint or similar procedures available to her regarding the matters alleged in the Complaint.

## FIFTH DEFENSE

Plaintiff's averred damages must be reduced, in whole or in part, to the extent that HealthTrust discovers after-acquired evidence of wrongdoing by Plaintiff.

## SIXTH DEFENSE

Plaintiff's purported claim for liquidated damages is barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## SEVENTH DEFENSE

Without admitting that Plaintiff suffered any damages, HealthTrust is entitled to a setoff against any recovery by Plaintiff in the amount of money she received from any source subsequent to her departure from HealthTrust.

## EIGHTH DEFENSE

Plaintiff's claim for compensatory, liquidated, or punitive damages must be dismissed, in whole or in part, because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages, and HealthTrust did not engage in any conduct that would entitle Plaintiff to recover such damages.

## NINTH DEFENSE

Plaintiff's claim for liquidated damages must be dismissed because HealthTrust did not violate the FLSA, acted in good faith, and had reasonable grounds for believing that it acted in compliance with the FLSA with respect to Plaintiff and any purported class member.

## TENTH DEFENSE

Any claim for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

### ELEVENTH DEFENSE

HealthTrust is entitled to indemnity or contribution from any third party persons or entities, whether or not named as a party to this action, who caused or contributed to the losses or damages claimed by Plaintiff in this action.

### TWELFTH DEFENSE

If HealthTrust was obligated but failed to pay Plaintiff and the class of persons Plaintiff purports to represent for work in excess of 40 in a workweek, the uncompensated time is *de minimus* and thus not compensable.

### THIRTEENTH DEFENSE

Defendants deny that this action can be maintained as a collective or representative action and further denies that Plaintiff can establish the existence of each of the requirements necessary to obtain certification of an FLSA collective action under 29 U.S.C. § 216(b). Defendants specifically maintain that Plaintiff's Complaint fails to meet even the minimal pleading requirements necessary to maintain a collective action or to justify issuance of notice pursuant to 29 U.S.C. § 216(b).

### FOURTEENTH DEFENSE

Without admitting that this action can be maintained as a collective or representative action at all, Plaintiff's collective or representative action allegations lack sufficient factual basis and particularity to sustain a claim with respect to any other person, or other job classification, beyond her own individual circumstances in her sole classification of "Physician Agent."

### FIFTEENTH DEFENSE

To the extent Plaintiff and the alleged similarly situated employees are awarded liquidated damages, they are not entitled to prejudgment interest.

## SIXTEENTH DEFENSE

The Complaint must be dismissed to the extent that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and laches.

## SEVENTEENTH DEFENSE

HealthTrust reserves the right to assert any additional defense allowed by Fed. R. Civ. P. 8 depending upon any evidence discovered in pursuit or defense of this litigation.

## EIGHTEENTH DEFENSE

In addition to all other legal and factual defenses, to the extent Plaintiff and the class of persons Plaintiff purports to represent did not work hours in excess of forty hours within a given work week, such individuals are not entitled to any recovery under the FLSA.

## ANSWER TO COMPLAINT

HealthTrust responds to the individually numbered corresponding paragraphs of the Complaint as follows:

### SUMMARY

1. HealthTrust admits that Plaintiff purports to state a claim on behalf of herself and alleged similarly situated employees pursuant to § 216(b) of the FLSA, denies there are other employees similarly situated to Plaintiff in all relevant respects, that this action is appropriate for collective action treatment, and that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and it denies the remaining allegations of Paragraph 1.

2. HealthTrust admits it employed Plaintiff as a "Physician Agent."

3. HealthTrust admits that Plaintiff was properly paid as an exempt salaried employee who was not entitled to overtime compensation, admits there are other employees similarly situated to Plaintiff in some but not all relevant respects, denies that this action is appropriate for collective

class treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever.

4. HealthTrust denies the allegations of Paragraph 4.

5. HealthTrust admits that Plaintiff purports to state a claim on behalf of herself and alleged similarly situated employees pursuant to § 216(b) of the FLSA, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 5.

### JURISDICTION & VENUE

6. To the extent Paragraph 6 sets forth jurisdictional allegations, HealthTrust admits jurisdiction exists in this Court, denies any and all liability, denies that it engaged in any conduct, act, or omission giving rise to the assertion of jurisdiction pursuant to the FLSA in any respect, denies that Plaintiff and the alleged similarly situated employees have alleged a viable cause of action under the FLSA, denies that this action is appropriate for collective class treatment, and denies the remaining allegations of Paragraph 6.

7. HealthTrust admits the allegations of Paragraph 7.

8. HealthTrust admits that it is a Tennessee limited liability company with a principal place of business in Tennessee.

### PARTIES

9. HealthTrust admits it employed Plaintiff as a Physician Agent from September 2017 until October 2018.

10. HealthTrust denies the allegations of Paragraph 10 as framed and asserts affirmatively that Plaintiff was employed as an exempt salaried employee who was not entitled to overtime

compensation, and it denies the remaining allegations of Paragraph 10 to the extent inconsistent with the foregoing.

11. HealthTrust admits that Plaintiff attached a document labeled "Fair Labor Standards Act Employment Services Consent" as Exhibit A to the Complaint and is without knowledge or information sufficient to form a reasonable belief as to the authenticity of the same.

12. HealthTrust admits Plaintiff purports to define a class of alleged similarly situated employees, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective action treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 12 to the extent inconsistent with the foregoing.

13. HealthTrust denies there are other employees similarly situated to Plaintiff, denies that this action is appropriate for collective action treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever. HealthTrust denies the remaining allegations of Paragraph 13 to the extent inconsistent with the foregoing.

14. The allegations of Paragraph 14 are legal conclusions to which no response is required. To the extent the allegations merit a response, HealthTrust admits that the minimum wage and overtime provisions of the FLSA apply to certain of HealthTrust's employees who are not exempt from the FLSA, affirmatively states that Plaintiff was exempt from the FLSA during the relevant time period, and denies the remaining allegations of Paragraph 14 to the extent inconsistent with the foregoing.

15. HealthTrust admits that it is a Tennessee limited liability company with a principal place of business in Tennessee, that it does business in other states, and that it may be served through its registered agent CT Corporation System, 300 Montvue Rd. Knoxville, Tennessee 37919.

## COVERAGE UNDER THE FLSA

16. HealthTrust admits the allegations of Paragraph 16.

17. HealthTrust admits the allegations of Paragraph 17.

18. The allegations of Paragraph 18 are legal conclusions to which no response is required. To the extent Paragraph 18 requires a response, HealthTrust admits that it was Plaintiff's employer for the purposes of FLSA for a period of time and denies the remaining allegations as framed.

19. The allegations of Paragraph 19 are legal conclusions to which no response is required. To the extent Paragraph 19 requires a response, HealthTrust admits that it was Plaintiff's employer for the purposes of FLSA for a period of time and denies the remaining allegations as framed.

20. The allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent Paragraph 20 requires a response, HealthTrust admits that it was Plaintiff's employer for the purposes of FLSA for a period of time, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective action treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 20 to the extent inconsistent with the foregoing.

## FACTUAL ALLEGATIONS

21. HealthTrust admits that it is a Tennessee limited liability company and that it provides clinical and non-clinical healthcare staffing and recruiting services throughout parts of the United States.

22. HealthTrust admits that it employs individuals in various FLSA-exempt recruiting related job classifications.

23. HealthTrust admits it employed Plaintiff for a short period of time as a Physician Agent.

24. HealthTrust denies the allegations of Paragraph 24 as framed, and asserts affirmatively that as a Physician Agent, Plaintiff was responsible for the sourcing of physician candidates for their recruitment and placement to fill positions within affiliated medical facilities. Physician Agents identify, contact, interview, and screen candidates for nationwide staffing opportunities, analyzing, vetting, selecting, and evaluating candidates based on their qualifications, education, background, interests, geographical preferences, family requirements, and compensation requirements as well as the needs and requirements of the job position at a facility.

25. HealthTrust denies the allegations of Paragraph 25 as framed, and asserts affirmatively that as a Physician Agent, Plaintiff was responsible for the sourcing of physician candidates for their recruitment and placement to fill positions within affiliated medical facilities. Physician Agents identify, contact, interview, and screen candidates for nationwide staffing opportunities, analyzing, vetting, selecting, and evaluating candidates based on their qualifications, education, background, interests, geographical preferences, family requirements, and compensation requirements as well as the needs and requirements of the job position at a facility. It is the Physician Agent's decision as to whether to provide an applicant's qualifications and application to a particular facility and further that many facilities will automatically offer a position to the candidate vetted by the Physician Agent.

26. HealthTrust denies the allegations of Paragraph 26.

27. HealthTrust denies the allegations of Paragraph 27.

28. HealthTrust denies the allegations of Paragraph 28.

29. HealthTrust denies the allegations of Paragraph 29 as framed, as its Physician Agent is a bachelor degree preferred position that requires a high level of intelligence and aptitude and the exercise and provision of discretion and independent judgment.

30. HealthTrust denies the allegations of Paragraph 30.

31. HealthTrust denies the allegations of Paragraph 31.

32. HealthTrust denies the allegations of Paragraph 32 as framed, and asserts affirmatively that its Physician Agents receive general guidance and tools to assist them in the exercise and provision of their discretion and independent judgment in the performance of their duties, but the guidance and tools are not rigid or formulaic instructions.

33. HealthTrust denies the allegations of Paragraph 33.

34. HealthTrust denies the allegations of Paragraph 34 as framed, and asserts affirmatively that Physician Agents do attend meetings as part of their duties.

35. HealthTrust denies the allegations of Paragraph 35.

36. HealthTrust is without knowledge or information at this time sufficient to form a reasonable belief as to the allegations of Paragraph 36 and therefore denies the same.

37. HealthTrust denies the allegations of Paragraph 37, but admits affirmatively that its Physician Agents are dedicated and hard workers.

38. HealthTrust denies the allegations of Paragraph 38, but admits affirmatively that its Physician Agents are dedicated and hard workers.

39. HealthTrust denies the allegations of Paragraph 39 as framed, and asserts affirmatively that it employs individuals to perform recruiting duties in a variety of different FLSA-exempt salaried positions who are not entitled to overtime compensation under the FLSA and denies the remaining allegations of Paragraph 39 to the extent inconsistent with the foregoing.

40. HealthTrust denies the allegations of Paragraph 40 as framed, and asserts affirmatively that it employs individuals to perform recruiting duties in a variety of different FLSA-exempt salaried

positions who are not entitled to overtime compensation under the FLSA and denies the remaining allegations of Paragraph 40 to the extent inconsistent with the foregoing.

41. HealthTrust denies the allegations of Paragraph 41 as framed, and asserts affirmatively that it employed Plaintiff as an exempt salaried employee from September 2017 until October 2018, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective action treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever.

42. HealthTrust admits the allegations of Paragraph 42.

43. HealthTrust denies the allegations of Paragraph 43 as framed, and asserts affirmatively that it employs individuals to perform recruiting duties in a variety of different FLSA-exempt salaried positions who are not entitled to overtime compensation under the FLSA and denies the remaining allegations of Paragraph 43 to the extent inconsistent with the foregoing.

44. HealthTrust denies the allegations of Paragraph 44 as framed, and asserts affirmatively that it employs individuals to perform recruiting duties in a variety of different FLSA-exempt salaried positions who are not entitled to overtime compensation under the FLSA and whose hours are not regularly tracked, and denies the remaining allegations of Paragraph 44 to the extent inconsistent with the foregoing.

45. HealthTrust admits the allegations of Paragraph 45.

46. HealthTrust denies the allegations of Paragraph 46 as framed, and asserts affirmatively that it employs individuals to perform recruiting duties in a variety of different FLSA-exempt salaried positions who are not entitled to overtime compensation under the FLSA, and denies the remaining allegations of Paragraph 46 to the extent inconsistent with the foregoing.

## COLLECTIVE ACTION ALLEGATIONS

47. HealthTrust incorporates its responses to Paragraphs 1–46 as if fully stated herein, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective action treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 47.

48. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 48.

49. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 49.

50. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 50.

51. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 51.

52. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 52.

53. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 53.

54. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 54.

55. HealthTrust denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 55, except it admits that any "issue of damages" is not just somewhat but is entirely individual in character.

## FLSA VIOLATIONS

56. HealthTrust incorporates its responses to Paragraphs 1–55 as if fully stated herein.

57. HealthTrust denies the allegations of Paragraph 57.

58. The allegations of Paragraph 58 are legal conclusions to which no response is required. To the extent Paragraph 58 requires a response, HealthTrust admits that it was Plaintiff's employer for a period of time and denies the remaining allegations as framed.

59. HealthTrust admits that it employed Plaintiff as an exempt salaried employee from September 2017 until October 2018, denies there are other employees similarly situated to Plaintiff in all relevant respects, denies that this action is appropriate for collective class treatment, denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever, and denies the remaining allegations of Paragraph 59.

60. HealthTrust denies the allegations of Paragraph 60.

61. HealthTrust denies the allegations of Paragraph 61.

62. HealthTrust denies the allegations of Paragraph 62.

63. HealthTrust denies the allegations of Paragraph 63.

64. HealthTrust denies the allegations of Paragraph 64.

## JURY DEMAND

65. HealthTrust denies that Plaintiff and the alleged similarly situated employees are entitled to a jury trial, as they are unable to articulate a case suitable for a trial.

WHEREFORE, having fully answered the Complaint and asserted its affirmative defenses thereto, HealthTrust requests that the Complaint be dismissed with prejudice, that it be awarded its costs and expenses in the amount and manner permitted by applicable law, and that the Court award to it such other and fair relief as is just and proper.

/s/ Robert E. Boston
Robert E. Boston (TN Bar No. 009744)
Frederick L. Conrad III (TN Bar No. 032043)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
bob.boston@wallerlaw.com
trip.conrad@wallerlaw.com

*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Answer to Complaint has been served via CM/ECF to:

Douglas B. Janney III (TN Bar No. 019112)
Law Office of Douglas B. Janney III
2021 Richard Jones Road, Suite 310A
Nashville, Tennessee 37215
(615) 742-5900
doug@janneylaw.com

AND

Michael A. Josephson (TX Bar No. 24014780)
Andrew W. Dunlap (TX Bar No. 24078444)
William R. Liles (TX Bar No. 24083395)
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch (TX Bar No. 24001807)
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Plaintiff*

on this the 10th day of December, 2020.

                                                     /s/ Robert E. Boston

4850-6919-5985.2
4850-6919-5985

15

Case 3:20-cv-00806   Document 22   Filed 12/10/20   Page 15 of 15 PageID #: 73